STATE OF MINNESOTA, *ex rel.* George Schmitt *vs.* J. L. MACDONALD.

## October 18, 1882.

*Mandamus.* The affidavit on behalf of relator, and on which the alternative writ was allowed, stated that he is defendant in an action brought by Elizabeth C. Schmitt for divorce and for the restitution of her real estate; that the action was tried by jury before respondent, as judge of the district court of Scott county; that special issues were submitted to the jury, and special verdicts thereon returned; that respondent refused to allow the jury to bring in a general verdict; that no further proceedings were had for three or four months, when respondent, on plaintiff's motion, against defendant's objection, and without taking additional testimony, made additional findings of fact, in answer to questions submitted by plaintiff, and ordered judgment for plaintiff; that relator prepared a statement of the case to be used on appeal to this court, and, on the settlement of the same, the respondent, on plaintiff's motion, struck out the following statements, viz: "1st. That no order was entered reserving the case for argument or for further consideration or for any purpose; and, 2nd, that no evidence or proof was offered or received before said judge upon the plaintiff's motion for further findings, made at Chaska as aforesaid;" and that such statements were stricken out, not because they were untrue, but because the respondent held that they were immaterial. The affidavit did not set out the proceedings in the district court, and did not contain, nor was it accompanied by, the proposed case or any other papers. The alternative writ requires respondent to reinstate and restore in the proposed case the following words: "1st. The fact that no order was entered on the coming in of the verdict of the jury, or at any other time, reserving said case for argument, or for further consideration, or for any purpose. 2nd. That subsequent to said time, and several months thereafter, you, the said judge, against the objections of said defendant's attorney, took up said case and made further findings of law and fact therein, without the receipt or offer of any evidence in support of such findings or otherwise; and

that you thereupon ordered judgment in favor of said plaintiff, notwithstanding one of the issues involved in said cause was by said jury found in favor of said defendant." This is a motion by respondent to quash the writ.

*Brown & Hawkins,* for relator.

*C. K. Davis,* and *Southworth & Marrinan,* for respondent.

The writ and the information on which it issued are insufficient, in not showing that the respondent presided or was present at the trial of *Schmitt* v. *Schmitt,* in the district court, or that he had anything to do with the subsequent proceedings recited, or with the act or refusal to act complained of. They do not show what was contained in the document called a "case or bill of exceptions," when presented to respondent. They do not show any demand or application to respondent to reinstate the paragraphs stricken out, (*State* v. *Davis,* 17 Minn. 429,) or that they were in the so-called case when presented for settlement. They do not show that the statements in the paragraphs which respondent is commanded to insert are true, and they do show that these statements are such as do not belong and ought not to be inserted in any case or bill of exceptions, the purpose of which is to show and contain the evidence and facts which occurred; and it is no part of a case or bill or exceptions to recite what evidence was lacking or not given, or to state what events or facts did not occur or exist.

The information and writ are inconsistent with each other. The information is not made by George Schmitt, the party beneficially intrusted, (as required by Gen. St. 1878, *c.* 80, § 3,) but by L. H. Hawkins, who is not shown to have any interest.

The only information is an affidavit entitled in the cause in the district court, and therefore cannot be used as a basis for proceedings in this court. High on Ex. Rem. § 509. The writ attempts to control the judgment of the respondent, which is not permissible. High on Ex. Rem. §§ 150–156.

*By the court.* The alternative writ must be quashed on two grounds : *First,* the affidavit does not set forth a copy of the proposed statement of the case, nor show what it was, so that this court can see that it was necessary, in order to present the case properly to this court, that the

statement asked to be inserted should be inserted; *second*, there is a variance between the statement which the alternative writ requires the respondent to insert in the settled case, and that which the affidavit shows was struck out. All other objections to the writ are overruled.